## CIRCUIT COURT OF FAIRFAX COUNTY

Bing Cheung Wu et al.

v.

Antonio A. Sobral

September 21, 1994

Case No. (Law) 133452

BY JUDGE THOMAS A. FORTKORT

This matter came before the Court on September 9, 1994, on the defendant's special plea of *res judicata* to the plaintiff's motion for judgment.

The defendant represented himself to the plaintiffs as an investment counsellor and broker. The Wus entrusted substantial sums to Mr. Sobral and were never reimbursed. The State Corporation Commission investigated Mr. Sobral and found that he had violated several provisions of the Virginia Securities Act. Code of Virginia, §§ 13.1-501 *et seq.* In conjunction with the S.C.C. proceedings, Mr. Sobral executed a stipulation wherein he admitted liability to the Wus and agreed to pay restitution plus interest in the amount of $72,204.21. The stipulation provides that the restitution is in satisfaction of the Wus rights under § 13.1-522 of the Act. The Wus have accepted installment payments from Mr. Sobral.

Mr. Sobral argues that this stipulation and the "Judgment and Continuance Order" entered against him by the S.C.C. should act as a bar to the Wus' claim. The Wus argue that *res judicata* does not apply since there is no identity of cause of action or of remedies. The Wus also claim that the S.C.C. has no jurisdiction to adjudicate a common law claim and that it did not issue a final order in the matter.

This Court sustains the special plea of *res judicata*. There is identity of the cause of action in this case. In determining if the cause of action is the same, the inquiry is whether the same evidence would support both actions. *Allegheny Airlines v. Merillat*, 14 Va. App. 341 (1992). A cause may also be considered the same if it arises from the same nucleus of operative fact or is based upon the same factual predicate. *Red River Coal Co. v.*

*Manning Coal Corp.*, 780 F. Supp. 378 (W.D. Va. 1991). In this case there are no facts alleged by the Wus which were not at issue in the S.C.C. hearing. All the evidence and admissions in that proceeding are the same as the evidence adduced in the present case. All the actions of Mr. Sobral which resulted in the judgment against him in the S.C.C. hearing are the actions for which the Wus wish to seek additional recoveries. Since the facts in the two cases are identical, the present action is barred by *res judicata.*

As to remedies, the Wus were not compelled to agree to the stipulation and could have brought suit before accepting the terms of the stipulation if they believed punitive damages were warranted. As to actual damages, the Wus are being made whole by the stipulation, and to re-try this matter on the basis of punitive damages alone would be a waste of judicial resources.

As to the claim that the S.C.C. cannot adjudicate common law rights, the Wus have waived their rights under § 13.1-522. These rights are "to sue either at law or in equity to recover consideration paid" for the securities. The S.C.C. has the authority to accept such stipulations from offenders of the Act. The Wus, by agreeing to restitution under the stipulation, must abide by its terms, one of which is that they forgo suits in law or in equity. Again, if this was not satisfactory to the Wus, they should have sued before the stipulation was concluded.

Regarding the finality of the Judgment of the S.C.C. against Mr. Sobral, the use of the term "continuance" in the caption does not indicate lack of finality, it refers to the fact that the Commission remains free to oversee Mr. Sobral's compliance with the stipulation. It does not mean that somehow a decision has not been made on the merits of the case. Furthermore, a judgment is final when the time for appeal has expired. *Faison v. Hudson*, 243 Va. 397, 419 (1992). The judgment was entered by the S.C.C. on July 29, 1994. Under Rule 5:21(c) of the Supreme Court, notice of appeal must be made within thirty days after entry of the order appealed from. In this case, no notice of appeal having been filed, the matter is final.

For these reasons, the special plea of *res judicata* is granted.